UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>CHI MAI, et al.,<br><br>    Defendants. | Case No. 19-cv-00827-BLF  (VKD)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES; ORDER TO SHOW CAUSE RE SANCTIONS**<br><br>Re: Dkt. No. 46 |

On August 6, 2020, plaintiff Scott Johnson filed a discovery dispute letter asking the Court to compel pro se defendants Chi Mai, Kim Hang Thi Bui, and Hong Thuy Thi Hoang to respond to Mr. Johnson's interrogatories and document requests. Dkt. No. 46. Mr. Johnson advised the Court that he filed the letter unilaterally because he could not obtain defendants' cooperation in the joint discovery dispute resolution process outlined in the Court's Standing Order for Civil Cases. *Id.* at 3. The Court ordered defendants to file a response to Mr. Johnson's August 6, 2020 letter by August 14, 2020. Dkt. No. 47. Defendants did not comply with that order. Instead, they filed a one-page document with the words "I do not accept this offer to contract and I do not consent to these proceedings" handwritten across the face of a copy of the Court's order. Dkt. No. 49.

According to Mr. Johnson, defendants have not responded at all to any of Mr. Johnson's interrogatories or document requests. Mr. Johnson provides no proof of service of this discovery on defendants but represents to the Court that the interrogatories and document requests were "propounded" on February 27, 2020. Dkt. No. 46 at 1. Mr. Johnson further represents that defendants' responses were "approximately one month overdue" as of August 6, 2020 and that his counsel's efforts to confer with defendants about the missing responses have been unsuccessful.

*Id.* at 2–3.

As defendants have offered no explanation for their failure to respond Mr. Johnson's discovery requests, the Court grants Mr. Johnson's motion to compel responses to the interrogatories and document requests at issue. Fed. R. Civ. P. 37(a). Any objections defendants may have had to Mr. Johnson's discovery requests have been waived. *See* Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 34(b)(2)(A); *Richmark Corp. v. Timber Falling Consultants*, 959 F. 2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").

If the Court grants a motion to compel, it must—after giving an opportunity to be heard—require the party whose conduct necessitated the motion to pay the moving party's reasonable expenses incurred in making the motion, including attorneys' fees. Fed. R. Civ. P. 37(a)(5)(A). Mr. Johnson asks for an award of sanctions, but he has provided no information about the attorneys' fees and costs incurred in preparing and filing his motion to compel.

Accordingly, no later than **September 3, 2020**, Mr. Johnson must file an application for the fees and costs incurred in making his motion to compel. The application must include information sufficient for the Court to determine that the fees and costs claimed are reasonable. *See Vieste, LLC v. Hill Redwood Dev.*, No. C-09-04024 JSW (DMR), 2011 WL 588145, at *4 (N.D. Cal. Feb. 10, 2011) (describing requirements for assessing reasonable attorneys' fees and costs).

In addition, the Court **orders defendants to show cause**, in writing, why they should not be required to pay Mr. Johnson's reasonable attorneys' fees and costs incurred in making the motion to compel. Defendants' response to the order show cause must be filed no later than **September 17, 2020**. Defendants may request a hearing, otherwise the issue of sanctions will be decided without oral argument.

**IT IS SO ORDERED.**

Dated: August 20, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge