UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>v.<br><br>CHI MAI, et al.,<br><br>        Defendants. | Case No. 19-cv-00827-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Re: ECF 37] |

Serial litigator Scott Johnson ("Johnson") brings this suit against Defendants Chi Mai, Kim Hang Thi Bui, and Hong Thuy Thi Hoang ("Defendants"), owners and proprietors of Sunflower Nails & Hair in San Jose. Johnson alleges violations of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the California Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ. Code §§ 51-53. *See* Compl., ECF 1. Plaintiff seeks injunctive relief along with statutory damages. *Id.* Defendants did not respond to this motion and, save for a form answer to the complaint, have not participated in this litigation. *See, e.g.*, Order Imposing Sanctions, ECF 34. Pursuant to Civil Local Rule 7-1(b), the Court finds this motion suitable for decision without oral argument. Based on Johnson's brief and construing facts in the light most favorable to Defendants, the Court GRANTS Johnson's motion.

**I.     BACKGROUND**

Johnson is a quadriplegic who has significant manual dexterity impairments. Mot. 1, ECF 37-1; Decl. of Scott Johnson ("Johnson Decl.") ¶ 2, ECF 37-3. He moves through the world in a wheelchair and travels in a specially equipped van. Mot. 1; Johnson Decl. ¶ 3. Johnson made two visits to Sunflower Nails & Hair in October 2018 and November 2018. Mot. 2-3; Johnson Decl. ¶¶ 4, 17. Defendants Chi Mai and Kim Hang Thi Bui own the real property at 560 E. Hedding Street,

San Jose, and Defendant Hong Thuy Thi Hoang owns Sunflower Nails & Hair, located at 560 E. Hedding Street, San Jose. Mot. 1; Ex. 6, Am. to Deed of Trust, ECF 37-8; Ex. 8, Answer 6:20-21, ECF 37-10. Sunflower Nails & Hair is a facility open to the public, a place of public accommodation, and a business establishment. Mot. 8; Ex. 8, Answer 6.

The parking space reserved for persons with disabilities and the access aisle were not level with each other. Mot. 2; Johnson Decl. ¶ 6. The sides of the ramps had slopes of 14.8 percent and 13.3 percent, respectively. Mot. 3-4; Ex. 4, Decl. of Tim Wegman ¶ 7, ECF 37-6. Mr. Johnson also notes that the access aisle had faded white diagonal lines and a faded "NO PARKING" warning, and there was no signage in front of the reserved parking space stating "Minimum Fine $250" and threatening violators with a tow. Mot. 2; Johnson Decl. ¶¶ 7-8. The entrance door has a "pull bar style" handle that requires tight grasping to operate. Mot. 2-3; Johnson Decl. ¶ 12.

Inside, the restroom sink has a cabinet beneath it that does not provide any knee clearance for wheelchair users. Mot. 3; Johnson Decl. ¶ 14. The disposable toilet seat cover dispenser and paper towel dispenser were 66 and 55 inches off the ground, respectively, rendering them inaccessible for wheelchair users. Mot. 3-4; Decl. of Tim Wegman ¶¶ 12-13.

Because of the above-mentioned deficiencies, Johnson alleges that the facility was and continues to be inaccessible to him, caused him difficulty, and denied him equal access. Mot. 14; Johnson Decl. ¶¶ 11-12; 16. Johnson also claims that the barriers to accessibility identified above are easily removed and remedied without much difficulty or expense. Mot. 14. Johnson states that he intends to return to Sunflower Nails & Hair as a customer and to evaluate compliance with disability access laws. Mot. 18; Johnson Decl. ¶ 21. Johnson filed his complaint on Feb. 15, 2019. *See* Compl. He seeks injunctive relief, compelling Defendants to comply with the ADA and Unruh Act, statutory damages under the Unruh Act, reasonable attorney fees, and litigation expenses and costs. *See* Compl. Defendants, appearing pro se, filed an answer on March 19, 2019. *See* Answer, ECF 10. They did not appear at the case management conference, *see* Min. Entry, ECF 21, and have not meaningfully responded to this Court or any filing by Johnson since entering their answer. Johnson filed this motion for summary judgment on June 18, 2020.

**II.     LEGAL STANDARD**

"A party is entitled to summary judgment if the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of informing the Court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). In judging evidence at the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell,* 547 U.S. 518, 559-60 (2006). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Celotex*, 477 U.S. at 325; *Soremekun v. Thrifty Payless, Inc.,* 509 F.3d 978, 984 (9th Cir. 2007).

If the moving party meets its initial burden, the burden shifts to the nonmoving party to produce evidence supporting its claims or defenses. *Nissan Fire*, 210 F.3d at 1103. If the nonmoving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. "The court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *City of Pomona*, 750 F.3d at 1049. "[T]he 'mere existence of a scintilla of evidence in support of the [nonmovant's] position'" is insufficient to defeat a motion for summary judgment. *First Pac. Networks, Inc. v. Atl. Mut. Ins. Co.*, 891 F. Supp. 510, 513–14 (N.D. Cal.

3

1995) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *First Pac. Networks*, 891 F. Supp. at 514 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III. DISCUSSION

### A. ADA Claim

Title III of the ADA prohibits discrimination on the basis of disability in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" of a "place of public accommodation," such as a spa. 42 U.S.C. §§ 2000a(b), 12182(a); *see Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 904 (9th Cir. 2011), *Johnson v. Cala Stevens Creek/Monroe, LLC*, 401 F. Supp. 3d 904, 909 (N.D. Cal. 2019). The statute specifies that discrimination includes the "failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

To prevail on his Title III discrimination claim, Johnson must show that (1) he is disabled within the meaning of the ADA; (2) Defendants own, lease, or operate a place of public accommodation; and (3) he was denied public accommodations by Defendants because of his disability. *See Molski v. M.J. Cable Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) To succeed on an ADA claim based on architectural barriers, Johnson "must also prove that: (1) the existing facility presents an architectural barrier prohibited under the ADA; and (2) the removal of the barrier is readily achievable." *Ridola v. Chao*, No. 16-cv-02246-BLF, 2018 WL 2287668, at *5 (N.D. Cal. May 18, 2018). A lack of accessible parking constitutes a barrier under the ADA. *See, e.g.*, *Cala Stevens Creek*, 401 F. Supp. 3d at 909, *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 853 (N.D. Cal. 2011).

Here, Johnson has adequately demonstrated an ADA violation. As a quadriplegic, Johnson is disabled within the meaning of the ADA. Ex. 1, Decl. of Scott Johnson ("Johnson Decl.") ¶ 2, ECF 37-3. Defendants own and operate Sunflower Nails & Hair, which is a place of public accommodation. Ex. 6, Am. to Deed of Trust; Answer 6:20-21. As for the denial of public accommodations, Johnson states that he had to leave his van lift deployed in order to avoid getting

blocked in by a neighboring car, had difficulty opening the door to the salon due to its style and his disability, could not reach the disposable toilet seat covers or paper towels because they were mounted too high on the wall, and had difficulty using the sink because there was not knee clearance for his wheelchair. Johnson Decl. ¶¶ 11-15; *see also* Ex. 3, Photographs, ECF 37-5. Defendants do not contest that the removal of these architectural barriers are readily achievable. Johnson's uncontested testimony and evidence demonstrate, as a matter of law, that he was denied public accommodations by Defendants because of his disability. Therefore, the Court will GRANT Johnson's motion for summary judgment on his ADA claim.

### B. Unruh Act Claim

"Any violation of the ADA necessarily constitutes a violation of the Unruh Act." *Molski*, 481 F.3d at 731 (citing Unruh Act, Cal. Civ. Code § 51(f)). Because Johnson has alleged an ADA claim based on Sunflower Nails & Hair's parking aisle and access ramp, front door, and restroom, he has also alleged an Unruh Act claim based on those barriers. The Court GRANTS Johnson's motion for summary judgment on his Unruh Act claim.

### C. Requested Relief

#### 1. Injunctive relief

Johnson requests an order directing Defendants to provide and maintain accessible parking, an accessible restroom, and accessible door hardware at Sunflower Nails & Hair in accordance with the 2010 Standards of the ADA Accessibility Guidelines (the "ADAAG"). "A plaintiff need not satisfy '[t]he standard requirements for equitable relief . . . when an injunction is sought to prevent the violation of a federal statute [that] specifically provides for injunctive relief.'" *Love v. Griffin*, No. 18-cv-00976-JSC, 2018 WL 4471073, at *6 (quoting *Moeller*, 816 F. Supp. 2d at 859 (N.D. Cal. 2011)). Under the ADA, aggrieved individuals "may obtain injunctive relief against public accommodations with architectural barriers, including 'an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.'" *M.J. Cable, Inc.*, 481 F.3d at 730 (quoting 42 U.S.C. § 12188(a)(2)). Injunctive relief is proper where the plaintiff establishes that "architectural barriers at the defendant's establishment violate the ADA and the removal of the barriers is readily achievable." *Ridola*, 2018 WL 2287668, at *13

5

(citing *Moreno v. La Curacao*, 463 F. App'x 669, 670 (9th Cir. 2011)).

As discussed above, Johnson has demonstrated that the parking aisle and access ramp, entrance door hardware, and restroom violate the ADA and that removal of these barriers is readily achievable. Johnson also argues that, in addition to fixing the parking aisle and access ramp, Defendants must have signs that state "Minimum Fine $250" and clearly and conspicuously warn that unauthorized vehicles parking in the handicap parking spaces can be towed at the owner's expense. Mot. 10-11. For this proposition, Johnson cites provisions of the California Building Code. *Id.* Johnson has previously tried, and failed, to make the argument that violations of the California Building Code amount to violations of the ADA and can be remedied as such. See *Cala Stevens Creek*, LLC, 401 F. Supp. 3d at 913 (Koh, J.) ("There is therefore no basis for treating a violation of the California Building Code as a per se violation of the ADA, and the Court declines to do so."); *Johnson v. Lababedy*, No. 2:16-CV-0126-KJM-AC, 2016 WL 4087061, at *5 (E.D. Cal. Aug. 2, 2016) ("[T]he CBC requirements are not mandatory, and failure to comply with them does not amount to a violation of the ADA."); *see also Eiden v. Home Depot USA, Inc.*, No. CIVS04-977 LKK-CMK, 2006 WL 1490418, at *8 (E.D. Cal. May 26, 2006) ("[T]he ADAAG ... are the exclusive standards by which to establish architectural barriers under Title III."). The Court will not order Defendants to fix the signage as Johnson requested since its absence does not violate the ADA.

Accordingly, the Court grants Johnson's request for injunctive relief to bring the parking aisle and access ramp, door hardware, and restroom in line with the ADAAG.

**2. Statutory damages**

The Unruh Act provides a minimum statutory damages award of $4,000 "for each occasion an individual is denied equal access to an establishment covered by the Unruh Act." *Ridola*, 2018 WL 2287668, at *15 (citing Cal. Civ. Code § 52(a)). A plaintiff "need not prove [he] suffered actual damages to recover the independent statutory damages of $4,000." *Molski*, 481 F.3d at 731.

Because the Court finds that Johnson has demonstrated that he personally encountered access barriers during his visits to Sunflower Nails & Hair, he is entitled to an award of statutory damages. Johnson requests separate statutory penalties against the property owners (Defendants

6

1  (Chi Mai and Kim Hang Thi Bui) and the business owner and operator (Defendant Hong Thuy Thi
2  Hoang) for a total of $8,000. Mot. 15, 20. Defendant cites *Lentini v. California Center for the*
3  *Arts*, 370 F.3d 837 (9th Cir. 2004), for the proposition that the property owners and business
4  owners should be separately liable for the full statutory amount. Mot. 19-20.

5  The Court is not persuaded by Johnson's interpretation of *Lentini* and agrees with Judge
6  DeMarchi's interpretation of *Lentini* as articulated in *Johnson v. Baird Lands, Inc.*, No. 18-CV-
7  05365-VKD, 2020 WL 978629, at *6 (N.D. Cal. Feb. 28, 2020). *Lentini* involved the Ninth
8  Circuit affirming the district court's statutory damages award of $7,000 against the California
9  Center for the Arts and two individual employees of the Center, jointly and severally. *Lentini*, 370
10 F.3d at 842. The Ninth Circuit's basis for affirming the $5,000 award against one individual
11 employee and $1,000 against another was their personal liability under the ADA, as incorporated
12 in the Unruh Act, as individuals in positions of authority and their use of that discretionary
13 authority to perform discriminatory acts. *Id.* at 849–59; *Baird Lands*, 2020 WL 978629, at *6.

14 Here, as in *Baird Lands*, Johnson does not seek damages for acts of discrimination
15 committed by individuals exercising their discretionary authority. Johnson is seeking statutory
16 damages for his encounter with the same access barriers for which all defendants are jointly
17 responsible. This Court, like the courts in *Baird Lands* and *Langer v. Hernandez*, No. CV 19-
18 2540-DMG, 2019 WL 7899950, at *2 n.1 (C.D. Cal. Dec. 9, 2019), rejects the proposed
19 interpretation of *Lentini* and will award Johnson $4,000 in statutory damages.

**IV.  ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1) Johnson's motion is GRANTED as to his ADA Claim.
2) Johnson's motion is GRANTED as to his Unruh Act Claim.
3) Johnson shall SUBMIT a proposed injunction to the Court ON OR BEFORE SEPTEMBER 2, 2020, that requires Defendants bring their parking aisle and access ramp, door hardware, and restroom into compliance with the 2010 ADAAG Standards no later than six months after service of this injunction.

4) Johnson is AWARDED statutory damages in the amount of $4,000.

Johnson shall promptly serve Defendants with this Order and file a proof of service with the Court.

Dated: August 26, 2020

_____
BETH LABSON FREEMAN
United States District Judge