UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>          Plaintiff,<br><br>    v.<br><br>CHI MAI, et al.,<br><br>          Defendants. | Case No. 19-cv-00827-BLF<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>[Re: ECF 61] |

Plaintiff Scott Johnson ("Johnson") brought suit against Defendants Chi Mai, Kim Hang Thi Bui, and Hong Thuy Thi Hoang (collectively, "Defendants"), who are owners and proprietors of Sunflower Nails & Hair in San Jose, CA. *See* Compl. 1-2, ECF 1. Johnson alleges violations of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53. *See* Compl. 6-10. Defendants appeared *pro se*, filed an answer to the complaint, and have not meaningfully responded to this Court or any filing by Johnson since entering their answer. *See* Order Mot. Summ. J. 1, ECF 51. The Court granted Johnson's Motion for Summary Judgment as to his ADA and Unruh Act claims. *Id.* at 7.

Now before the Court is Johnson's Motion for Attorneys' Fees and Costs. Mot. Att'ys Fees and Costs ("Mot."), ECF 61. Defendants did not file an opposition. Pursuant to Civil Local Rule 7-1(b), the Court finds this motion suitable for decision without oral argument and VACATES the hearing scheduled for January 28, 2021.

For the reasons stated below, this Court GRANTS IN PART Johnson's Motion for Attorneys' Fees and Costs.

## I. BACKGROUND

Johnson is a C-5 quadriplegic who cannot walk, has significant manual dexterity impairments, and uses a wheelchair for mobility. Ex. A, Decl. of Scott Johnson ¶ 2 ("Johnson Decl."), ECF 37-3. On February 15, 2019, Johnson filed his complaint against Defendants. *See* Compl., ECF 1. Defendants appeared *pro se* and filed an answer on March 19, 2019. *See* Answer, ECF 10. They did not appear at the case management conference, *see* Min. Entry, ECF 21, and have not meaningfully responded to this Court or any filing by Johnson since entering their answer. Johnson filed a Motion for Summary Judgment on June 18, 2020. Mot. Summ. J., ECF 51. Johnson prevailed on Motion for Summary Judgment, and this Court issued a judgment in his favor, awarding statutory damages and injunctive relief. *Id.*

Johnson moves this Court to award $20,780.00 in reasonable attorneys' fees and costs pursuant to the ADA (42 U.S.C. § 12205) and the Unruh Act (California Civil Code § 52(a)). Mot. 1, 21-22. Defendants opposed the motion by filing a document stating "We do not accept this offer to contract and we do not consent to these proceedings. Without prejudice, UCC 1-308." Document Received, ECF 64. Johnson filed a reply, asking the Court to reduce the requested hours worked by up to 6.9 hours and otherwise grant the motion in full. Reply 3, ECF 65.

## II. LEGAL STANDARD

### A. Attorneys' Fees

The ADA gives courts the discretion to award attorneys' fees to prevailing parties. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. § 12205). Additionally, the Unruh Act provides that "[i]n addition to any damages, injunction, or other equitable relief awarded in an action brought pursuant to [Cal. Civ. Code § 52.1(b)], the court may award the petitioner or plaintiff reasonable attorneys' fees." Cal. Civ. Code § 52.1(i).

When calculating a reasonable award for attorneys' fees, courts apply a two-step process. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the court applies the "lodestar" method to the facts of each case when calculating awards for attorneys' fees. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *see also Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). "The 'lodestar' is calculated by multiplying the number of hours the

2

1   prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v.*
2   *City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *opinion amended on denial of reh'g*, 108
3   F.3d 981 (9th Cir. 1997) (quotation omitted).  Second, the lodestar amount may be further adjusted
4   based on other factors not already subsumed in the initial lodestar calculation. *Morales*, 96 F.3d at
5   363–64, 363 nn.3–4 (identifying factors) (citing *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70
6   (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992)).
7   The lodestar amount is presumptively reasonable.  *See Vogel v. Harbor Plaza Center, LLC*, 893
8   F.3d 1152, 1161 (9th Cir. 2018).

9   When determining an attorneys' reasonable hourly rate, courts weigh the "experience,
10  skill, and reputation of the attorney requesting fees," and compare the requested rates to prevailing
11  market rates of the relevant community. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–
12  11 (9th Cir. 1986), *op. am. on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987); *see also Blum v.*
13  *Stenson*, 465 U.S. 886, 895 n.11 (1984).  The relevant community is typically the forum in which
14  the district court sits. *Camacho*, 523 F.3d at 979.  To determine the prevailing market rate, courts
15  may rely on attorney affidavits as well as "decisions by other courts awarding similar rates for
16  work in the same geographical area by attorneys with comparable levels of experience." *Trujillo*
17  *v. Orozco*, No. 5:17-cv-00566-EJD, 2018 WL 1142311, at *2 (N.D. Cal. Mar. 2, 2018); *see also*
18  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  In
19  addition, the court should exclude hours that were not reasonably expended. *See Hensley*, 461
20  U.S. at 434.

21  The fee applicant bears the burden of producing evidence, other than declarations of
22  interested counsel, that the requested rates are in line with those prevailing in the community for
23  similar services by lawyers of reasonably comparable skill, experience, and reputation. *Blum*, 465
24  U.S. at 896 n.11.

25  **III.    DISCUSSION**

26  In his motion, Johnson requests attorneys' fees and costs in the amount of $20,780.00
27  under the ADA and Unruh Act.  Mot. 22.  Of this amount, $905.00 is for litigation costs. *Id.* at 21.
28  The remaining $19,875.00 is for 43.1 billed hours based on Johnson's proposed reasonable billing

United States District Court
Northern District of California

1   rates. Billing Summary 9, ECF 61-4. Of these billed hours, 8.0 hours are estimated hours. *Id.*
2   This estimate accounts for anticipated work to analyze an opposition brief, draft a reply, and
3   attend oral argument. Mot. 16. In his reply, Johnson requests that the Court reduce the 8.0
4   estimated hours to 1.4 estimated hours because Defendants did not file an opposition. Reply 3,
5   ECF 65. The Court now considers whether Johnson's proposed hourly attorneys' rates and hours
6   worked are reasonable.

### 1. Reasonable Rate

The first step is to determine an attorneys' reasonable hourly rate where the Court must weigh the "experience, skill, and reputation of the attorney requesting fees," and compare the requested rates to prevailing market rates of the relevant community. *Chalmers,* 796 F.2d at 1210–11; *see also Blum*, 465 U.S. at 895 n.11 (1984). The relevant community is typically the forum in which the district court sits. *Camacho*, 523 F.3d at 979. The relevant community here is the Northern District of California. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (stating that courts primarily look to the rates of attorneys practicing in the forum district).

When determining the prevailing market rate, the Court may rely on attorney affidavits as well as "decisions by other courts awarding similar rates for work in the same geographical area by attorneys with comparable levels of experience." *Trujillo*, 2018 WL 1142311, at *2; *see also United Steelworkers*, 896 F.2d at 407. The applicant bears the burden to produce sufficient evidence that the rates claimed for its attorneys are in line with prevailing market rates. *Hensley*, 461 U.S. at 433. "When a party seeking fees submits declarations, courts must consider those declarations and cannot substitute that analysis by only considering previous fee awards." *Id.;Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019) (relying solely on the rates previously awarded to the applicant is an abuse of discretion, and a full lodestar analysis is required).

Here, Johnson seeks hourly rates ranging from $400 to $650. Mot. 13. Johnson relies on the declarations of John O'Connor, an attorneys' fees expert, and Mark Potter, a partner in the law firm representing Johnson, to support the following hourly rates:

| Attorney | Requested Hourly Rate |
|---|---|
| R. Handy | $650.00 |
| C. Carson | $500.00 |
| D. Price | $500.00 |
| A. Seabock | $500.00 |
| R. Doyle | $450.00 |
| S. Gunderson | $450.00 |
| I. Masanque | $450.00 |
| P. Price | $450.00 |
| J. McAllister | $400.00 |
| B. Smith | $400.00 |
| J. Zimmerman | $400.00 |

Decl. of Mark Potter ¶¶ 8-18 ("Potter Decl."), ECF 61-3.

Johnson's counsel submitted declarations to justify these claimed rates. According to O'Connor, attorney Russell Handy ("R. Handy") has 19 years of disability litigation experience, and litigated over one thousand ADA cases. Decl. of O'Connor ¶ 30(a) ("O'Connor Decl."), ECF 61-5. Attorneys Dennis Price ("D. Price"), Amanda Seabock ("A. Seabock"), and Chris Carson ("C. Carson") have between 5-7 years of disability litigation experience. *Id.* at ¶¶ 30(e)-(g). Attorneys Sara Gunderson ("S. Gunderson") and Bradley Smith ("B. Smith") have between 1-2 years of disability litigation experience and approximately 4-5 years of litigation experience overall. *Id.* at ¶¶ 30(i), (j). Attorneys Prathima Price ("P. Price") and Jennifer McAllister (J. McAllister") have between 7-14 years of litigation experience, but little history of disability litigation experience. *See id.* at ¶¶ 30(k), (m). According to Potter, attorney Robert Doyle ("R. Doyle") graduated from law school in 1999; previously represented clients in criminal, family law, and civil litigation; and joined the Center for Disability Access in 2019. Potter Decl. ¶ 15. Attorney Isabel Masanque ("I. Masanque") joined the Center for Disability Access (CDA) in 2012, was admitted to the California bar in 2013, and oversees discovery matters at the CDA. *Id.* at ¶ 12. Attorney Josie Zimmerman ("J. Zimmerman") was admitted to the California bar in 2018 and joined Potter's law firm in 2020 to handle discovery related tasks. *Id.* at ¶ 18.

For the following reasons, the Court finds the requested hourly rates unreasonable for the

work performed in this case. First, the Court is unpersuaded by Johnson's characterization of what constitutes a reasonable hourly rate for ADA litigators in the Northern District of California. Johnson's assertion that his counsel should be awarded rates that meet or exceed the rates awarded throughout the state of California is insufficient. Mot. 9-10. Johnson lists several ADA cases in the Northern District of California from 2011 to 2019, highlighting hourly rates ranging from $530 to $900. *Id.* at 11-12. However, Johnson fails to note several important details about the complexity of the ADA litigation in question, for example, experience, relevant expertise, and the nature of the work performed. *See Civil Rights Education and Enforcement Center v. Ashford Hospitality Trust, Inc.*, No. 15-CV-00216-DMR, 2016 WL 1177950 (N.D. Cal. Mar. 22, 2016) (approving a rate of $900 for an attorney with over 40 years of practice and a rate of $750 per hour for an attorney with 25 years of experience where both attorneys represented plaintiff in a class-action litigation); *Martin v. Diva Hospitality Group, Inc.*, No. 16-CV-04103-EDL, 2018 WL 6710705 (N.D. Cal. Dec. 7, 2018) (approving a rate of $700 for an attorney with 27 years of litigation experience who represented two plaintiffs with different disabilities).

The Court is similarly unpersuaded by Johnson's illustration of the District's upward trajectory in approved reasonable attorneys' fees as a basis to justify that the proposed rates are reasonable. Mot. 12-13. Johnson provides a table of attorneys' fees approved for attorney Celia McGuinness between 2010 and 2018, but does not adequately explain what factors have contributed to that increase. For example, a court determined $495 per hour was a reasonable rate for McGuinness in *Hernandez v. Taqueria El Grullense*, No. 12-CV-03257-WHO, 2014 WL 1724356 (N.D. Cal. Apr. 30, 2014). Three months later, another court found $550 per hour was a reasonable rate for McGuinness in *Rodriguez v. Barrita, Inc.*, 53 F. Supp. 3d 1268 (N.D. Cal. 2014). This suggests that McGuinness may have been approved for these different rates because of the nature of the work performed, rather than her length of experience as an ADA litigator.

Second, Johnson's attorneys' fee expert, O'Connor, is similarly unpersuasive in establishing a reasonable hourly rate in the Northern District of California. O'Connor relies on *Shaw v. Five M, LLC*, No. 16-CV-03955-BLF, 2017 WL 747465, at *12-13 (N.D. Cal. Feb. 27, 2017), in which this Court found that "[i]n the Bay area, 'reasonable hourly rates for partners

6

1  range from $560 to $800, for associates from $285 to $510, and for paralegals and litigation
2  support staff from $150 to $240.'" O'Connor Decl. ¶ 26.  Based on this estimate and "a variety of
3  factors," O'Connor "opines that the most appropriate rate for partners' ADA services range from
4  $450 to $750 per hour, despite recent awards as low as $400 to $425" and that "the most
5  appropriate range for associates' services [is] $300 to $550 per hour, notwithstanding exceptional
6  awards as low as $250." *Id*. at ¶ 27.  O'Connor then concludes that Johnson's requested hourly
7  rates for partners is "clearly reasonable" and the rates for associates "represents the median range
8  of rates, below premium rates and above the lowest level." *Id.*  To support this assertion,
9  O'Connor relies on his credibility and inconsistencies among rates awarded to attorneys litigating
10 Northern District ADA cases.

11 With respect to O'Connor's experience, this Court recognizes that while O'Connor has
12 significant experience with First Amendment litigation and complex attorneys' fees issues in non-
13 ADA contexts, his ADA expertise is limited to providing attorneys' fee opinions in approximately
14 ten ADA cases.  O'Connor Decl. ¶¶ 17, 20, 23.  He attempts to explain why some courts "awarded
15 unreasonably low rates" by applying the Laffey Matrix, a mathematical model that adjusts fees in
16 a case based upon the general inflation rate.  *Id.* ¶¶ 43-44.  However, his reliance on the Laffey
17 Matrix to support Johnson's requested hourly is "not well founded." *Johnson v. Baird Lands, Inc.*,
18 18-CV-05365-VKD, 2020 WL 3833278, at *4 (N.D. Cal. July 8, 2020).  The "Ninth Circuit has
19 not adopted the Laffey Matrix as a starting point for determining reasonable attorneys' fees, and
20 other courts in this District have expressed skepticism about its applicability." *Id.* (citing *Prison
21 Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)).  This court is similarly
22 skeptical and finds O'Connor's use of the Laffey Matrix insufficient to justify Johnson's requested
23 rates.

24 In addition to considering Johnson's declarations and evidence, the Court looks to several
25 2020 decisions from other judges in this District address fee motions submitted by Johnson and his
26 current counsel.  See *Baird Lands, Inc.*, 2020 WL 3833278, at *4; *Johnson v. Cala Stevens
27 Creek/Monroe, LLC*, No. 17-CV-04574-LHK, 2020 WL 2556989, at *7 (N.D. Cal. May 20, 2020)
28 (approving $350/hour for C. Carson, D. Price, and A. Seabock; and $300/hour for S. Gunderson,

7

P. Price, and B. Smith); *Johnson v. Li*, No. 19-CV-08075-EJD, 2020 WL 3268580, at *4 (N.D. Cal. June 17, 2020) (approving $350/hour for A. Seabock and D. Price); *Johnson v. Baglietto*, No. 19-CV-06206-TSH, 2020 WL 3065939, at *12 (N.D. Cal. May 21, 2020) (approving $350/hour for A. Seabock). Those fee awards are summarized in the following chart:

| Attorney | Requested Hourly Rate | *Baird Lands* | *Li* | *Baglietto* | *Cala Stevens Creek* |
|---|---|---|---|---|---|
| R. Handy | $650.00 | - | - | $475.00 | - |
| C. Carson | $500.00 | $350.00 | - | - | $350.00 |
| D. Price | $500.00 | $350.00 | $350.00 | - | $350.00 |
| A. Seabock | $500.00 | $350.00 | $350.00 | $350.00 | $350.00 |
| R. Doyle | $450.00 | $350.00 | - | - | - |
| S. Gunderson | $450.00 | $300.00 | - | - | $300.00 |
| I. Masanque | $450.00 | $350.00 | - | - | |
| P. Price | $450.00 | $300.00 | - | - | $300.00 |
| J. McAllister | $400.00 | - | - | - | - |
| B. Smith | $400.00 | $300.00 | - | - | $300.00 |
| J. Zimmerman | $400.00 | - | - | - | - |

These reasonable rates provide guidance in this case when taking several factors into consideration. For instance, Johnson stated "this case did not present specialized or skillful challenges and was a fairly straight-forward application of the law." Mot. 19. This characterization highlights the lack of complexity in this case. Defendants did not contest Johnson throughout most of the litigation, and Johnson's counsel did not have to rely on specialized expertise to succeed on the merits of this case, respond to any oppositions to the motions for summary judgment, or attend a hearing for this motion.

In sum, this Court is not persuaded that Johnson's evidence justifies the requested rates. After considering Johnson's evidence in conjunction with the rates awarded in the relevant legal community, the Court finds that the following hourly rates are reasonable for a lodestar analysis:

| Attorney | Requested Hourly Rate | Reasonable Hourly Rate |
|---|---|---|
| R. Handy | $650.00 | $475.00 |
| C. Carson | $500.00 | $350.00 |

| | | |
|---|---|---|
| D. Price | $500.00 | $350.00 |
| A. Seabock | $500.00 | $350.00 |
| R. Doyle | $450.00 | $350.00 |
| S. Gunderson | $450.00 | $300.00 |
| I. Masanque | $450.00 | $350.00 |
| P. Price | $450.00 | $350.00 |
| J. McAllister | $400.00 | $300.00 |
| B. Smith | $400.00 | $300.00 |
| J. Zimmerman | $400.00 | $300.00 |

### 2. Reasonable Hours

Having determined the reasonable rates for Johnson's counsel, the Court turns to the reasonableness of the hours expended. A court cannot "uncritically" accept a plaintiff's representations; rather, it must assess the reasonableness of the hours requested. *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984). The court has an independent duty to ensure that the number of hours supporting the fee request are reasonable, even if the defendant did not raise any objections. *See, e.g.*, *Gates v. Deukmejian*, 987 F.2d 1392, 1402 (9th Cir. 1992) (finding that district courts are required to independently review plaintiff's fee request even absent defense objections). The court may reduce fees claimed if the documentation is inadequate, the submitted hours are duplicative or inefficient, or the requested fees appear excessive or otherwise unnecessary. *See Hensley*, 461 U.S. at 434; *see also Chalmers*, 796 F.2d at 1210. The moving party bears the burden of providing relevant documentation. *Hensley*, 461 U.S. at 433. Upon examining the documentation, the court should then exclude from the initial lodestar calculation any hours that are not reasonably expended. *Id.* at 434.

Johnson seeks to recovery attorneys' fees for 43.1 hours worked. *See* Billing Summary 1, 9. Of these 43.1 hours, 8.0 hours were estimated time spent on analyzing an opposition brief, drafting a reply, and attending oral argument. *See* Mot. 16. Johnson later requested the Court to reduce the estimated hours from 8.0 estimated hours to 1.4 estimated hours if the hearing for this motion was vacated. Reply 3. Of the 1.4 estimated hours, 1.1 hours was for drafting and research, and 0.3 hours was for collecting various sovereign citizen responses. *Id.* Johnson did not submit an updated billing summary to reflect these 1.4 estimated hours worked. Johnson seeks no

modification to the lodestar calculation. Mot. 17. Based on Johnson's billing summary, the attorneys have worked the following hours:

| Attorney | Hours Claimed |
|---|---|
| R. Handy | 1.0 |
| C. Carson | 1.0 |
| D. Price | 10.7[1] |
| A. Seabock | 6.8 |
| R. Doyle | 0.2 |
| S. Gunderson | 1.6 |
| I. Masanque | 7.9 |
| P. Price | 1.0 |
| J. McAllister | 5.8 |
| B. Smith | 0.4 |
| J. Zimmerman | 6.7 |
| **Total** | **43.1** |

*See* Billing Summary.

In reviewing the billing summary, the Court finds that some of these hours are excessive or unnecessary. A reduction is warranted where the billing summary contains numerous entries billing 0.1 or 0.2 hours for reviewing notices and orders common to many ADA cases. *See Baird Lands*, 2020 WL 3833278, at *7-8. Though a six minute timekeeping practice is "generally reasonable[,] ... a reduction is warranted" in some circumstances. *Kalani v. Starbucks Corp.*, No. 13-CV-00734-LHK, 2016 WL 379623, at *8 (N.D. Cal. Feb. 1, 2016); *see also Jacobson v. Persolve*, LLC, No. 14-CV-00735-LHK, 2016 WL 7230873, at *10 (N.D. Cal. Dec. 14, 2016) ("[B]illing 0.1 hours for certain practices sometimes requires a reduction."). This is especially relevant here because some of Johnson's counsel routinely billed six minutes "for the receipt and review of multiple single sentence orders and docket entries." *Persolve*, 2016 WL 7230873, at *10. "In such situations, courts typically 'reduce[ ] the hours by 50%.'" *Baird Lands*, 2020 WL 3833278, at *8 (quoting *Cala Stevens Creek*, 2020 WL 2556989, at *8–9). A. Seabock has several 0.1 hour entries, totaling 1.4 hours, for reviewing the following notices and orders: court issued

---

[1] The billing summary does not account for Johnson's requested estimated hour reduction. *See* Reply 3.

summons (0.1); standing orders, scheduling orders, and notice of eligibility of video recording (0.3); three notices setting an ADR phone conference (0.3); notice referring the case to mediation (0.1); notice rescheduling the initially scheduled ADR phone conference (0.1); order setting case management conference (0.1); order regarding sanctions against Defendants and order about case management (0.1); case management order and standing orders regarding jury trials (0.2); and order imposing sanctions on Defendants (0.1). Billing Summary 2, 4-6. The Court reduces A. Seabock's time by 0.7 hours (50% of 1.4 hours).

In addition, the Court will reduce hours that were not incurred or for which the billing records provide no substantiation. Since Defendants did not file an opposition and the Court vacated this motion's hearing, D. Price's estimated hours will be reduced from 8.0 estimated hours to 1.4 estimated hours. *See* Reply 3. Thus, the Court reduces D. Price's reasonable hours worked by 6.6 hours.

### 3. Final Lodestar Amount

The Court finds the remaining hours requested to be reasonable. Multiplying the reasonable hourly rates and the hours reasonably expended yields a lodestar amount of $11,930.00, calculated as shown in the following table:

| Attorney | Hours Claimed | Hours Reduced | Total Hours | Reasonable Hourly Rate | Fee per Attorney |
|---|---|---|---|---|---|
| R. Handy | 1.0 | 0.0 | 1.0 | $475.00 | $475.00 |
| C. Carson | 1.0 | 0.0 | 1.0 | $350.00 | $350.00 |
| D. Price | 10.7 | 6.6 | 4.1 | $350.00 | $1,435.00 |
| A. Seabock | 6.8 | 0.7 | 6.1 | $350.00 | $2,135.00 |
| R. Doyle | 0.2 | 0.0 | 0.2 | $350.00 | $70.00 |
| S. Gunderson | 1.6 | 0.0 | 1.6 | $300.00 | $480.00 |
| I. Masanque | 7.9 | 0.0 | 7.9 | $350.00 | $2,765.00 |
| P. Price | 1.0 | 0.0 | 1.0 | $350.00 | $350.00 |
| J. McAllister | 5.8 | 0.0 | 5.8 | $300.00 | $1,740.00 |
| B. Smith | 0.4 | 0.0 | 0.4 | $300.00 | $120.00 |
| J. Zimmerman | 6.7 | 0.0 | 6.7 | $300.00 | $2,010.00 |
| **Total** | **43.1** | **7.3** | **35.8** | | **$11,930.00** |

**B.     Costs**

While the Unruh Act does not provide for recovery of out-of-pocket litigation expenses, Section 505 of the ADA (42 U.S.C. §12205) does authorize recovery for "litigation expenses and costs." Johnson seeks $905.00 in litigation costs. Mot. 21. This includes the cost of hiring an investigator ($400.00), filing fees ($400.00), and service costs ($105.00). Billing Summary at 1, ECF 61-4. The Court finds these costs reasonable. *See Johnson v. VN Alliance LLC*, No. 18-CV-01372-BLF, 2019 WL 2515749, at *9 (N.D. Cal. June 18, 2019) (including investigative costs, filing fees, and service costs as litigation expenses).

## IV.     ORDER

(1) Plaintiff's motion for attorneys' fees and costs is GRANTED IN PART as follows: Plaintiff shall recover attorneys' fees in the amount of $11,930.00 and costs in the amount of $905.00, for a total award of $12,835.00.

(2) The hearing set for January 28, 2021 is VACATED.

(3) This order terminates ECF 61.

Dated: November 24, 2020

_____
BETH LABSON FREEMAN
United States District Judge